# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PLASTIC THE MOVIE LIMITED,**

                **Plaintiff,**

-vs-                                                 **Case Nos.  6:15-cv-500-Orl-CEM-DAB**

**JOHN DOE,**

                **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                **Plaintiff,**

-vs-                                               **Case Nos.  6:15-cv-501-Orl-CEM-DAB**

**JOHN DOE,**

                **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                  **Plaintiff,**

-vs-                                                 **Case Nos.  6:15-cv-502-Orl-CEM-DAB**

**JOHN DOE,**

                **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                  **Plaintiff,**

-vs-                                               **Case Nos.  6:15-cv-503-Orl-CEM-DAB**

**JOHN DOE,**

              **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                  **Plaintiff,**

-vs-                                               **Case Nos.  6:15-cv-504-Orl-CEM-DAB**

**JOHN DOE,**

              **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                  **Plaintiff,**

**-vs-**                                                            **Case Nos.  6:15-cv-505-Orl-CEM-DAB**

**JOHN DOE,**

                       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                       **Plaintiff,**

**-vs-**                                                          **Case Nos.  6:15-cv-506-Orl-CEM-DAB**

**JOHN DOE,**

                       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                       **Plaintiff,**

**-vs-**                                                          **Case Nos.  6:15-cv-507-Orl-CEM-DAB**

**JOHN DOE,**

                       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                       **Plaintiff,**

**-vs-**                                                          **Case Nos.  6:15-cv-508-Orl-CEM-DAB**

**JOHN DOE,**

                       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

                       **Plaintiff,**

**-vs-**                                                          **Case Nos.  6:15-cv-509-Orl-CEM-DAB**

**JOHN DOE,**

                       **Defendant.**

_____


**PLASTIC THE MOVIE LIMITED,**

                       **Plaintiff,**

**-vs-**                                                          **Case Nos.  6:15-cv-510-Orl-CEM-DAB**

**JOHN DOE,**

                       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

        **Plaintiff,**

**-vs-**                                                                            **Case Nos.  6:15-cv-511-Orl-CEM-DAB**

**JOHN DOE,**

        **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

        **Plaintiff,**

**-vs-**                                                                      **Case Nos.  6:15-cv-512-Orl-CEM-DAB**

**JOHN DOE,**

       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

       **Plaintiff,**

**-vs-**                                                                      **Case Nos.  6:15-cv-513-Orl-CEM-DAB**

**JOHN DOE,**

       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

       **Plaintiff,**

**-vs-**                                                                    **Case Nos.  6:15-cv-514-Orl-CEM-DAB**

**JOHN DOE,**

       **Defendant.**

_____

**PLASTIC THE MOVIE LIMITED,**

       **Plaintiff,**

**-vs-**                                                                    **Case Nos.  6:15-cv-516-Orl-CEM-DAB**

**JOHN DOE,**

       **Defendant.**

_____

## **O**RDER

This cause came on for consideration without oral argument on the following motion filed in each of the above cases:

> **MOTION:   MOTIONS FOR MISCELLANEOUS RELIEF, SPECIFICALLY FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE**
>
> _____
>
> **THEREON** it is **ORDERED** that the motions are **GRANTED** in part.

According to the Complaints filed in these related cases, Plaintiff, the owner of the copyrighted audiovisual work at issue, is suing a John Doe Defendant for allegedly using the BitTorrent file distribution network to commit direct copyright infringement. As set forth in the motions, Plaintiff seeks leave to serve a Rule 45 subpoena directed to the John Doe Defendant's Internet Service Provider ("ISP"), so that Plaintiff "may learn Defendant's true identity." Although Plaintiff does not attach the proposed subpoena for review, Plaintiff attaches a Proposed Order which provides, in part, that:

> Plaintiff may serve the ISP with a Rule 45 subpoena commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of the Defendant to whom the ISP assigned an IP address as set forth on Exhibit A to the Complaint. Plaintiff shall attach to any such subpoena a copy of this Order.

Plaintiff represents that the information will only be used to prosecute the claims made in its Complaint and asserts that it cannot serve the Defendant nor pursue this lawsuit to protect its copyright without this information. Upon review of the accompanying briefs and declarations, the motions are **granted, in part.**

*Analysis*

As Judge Presnell recognized in a similar case:

Rule 26(b) permits a court to grant discovery of any relevant matter for good cause, including discovery prior to the Rule 26(f) conference. Fed.R.Civ.P. 26(d)(1). Courts in these BitTorrent copyright cases, frequently permit a plaintiff to issue a Rule 45 subpoena to discover the identity of an unknown infringer where it can demonstrate

> (1) a prima facie showing of infringement, (2) that there is no other way to identify the Doe defendant, and (3) that there is a risk the ISP will destroy its logs prior to the conference. *See, e.g., World Digital Rights, Inc. v. John Does 1–80*, No. 2:12–cv–225–FtM–UASPC, 2012 WL 1623871 at *1 (M.D.Fla. May 9, 2012) (*citing UMG Recording, Inc. v. Doe*, 2008 WL 4104214, *4 (N.D.Cal.2008); *see also e.g.*, *Patrick Collins, Inc. v. John Does 1–43*, 2:12–CV–521–FTM–29, 2012 WL 4513063 (M.D.Fla. Oct.1, 2012). To ensure the privacy interests of defendants are protected, courts additionally require a plaintiff to (1) specify the discovery requested, (2) demonstrate a need for the subpoenaed information to advance asserted claims, and (3) establish that the party's expectation of privacy does not outweigh the need for the requested discovery. *Sony Music Entertainment v. Does 1–40*, 326 F.Supp.2d 556, 564–65 (S.D.N.Y.2004); *World Digital Rights, Inc.*, 2012 WL 1623871; *Patrick Collins, Inc.*, 2012 WL 4513063.

*Bait Productions Pty Ltd. v. Doe 1*, No. 6:12–cv–1637–Orl–31DAB, 2013 WL 718330, *1 (M.D. Fla. Feb. 27, 2013).

Applied here, the Court finds Plaintiff has made the required *prima facie* showing of infringement and has shown that the only means of identifying the Doe defendants is by first obtaining the subscriber information connected to the IP address from the ISP. Plaintiff has also cited to authority to show that the information it seeks is time sensitive. *See Malibu Media v. Doe,* No. 2:14–cv–154–FtM–29CM, 2014 WL 1457862, at *2 (M.D. Fla. April 15, 2014) ("Plaintiff has also shown that ISPs may only maintain their internal information logs for short periods of time, thus creating a risk that the information will be destroyed prior to the Rule 26(f) conference."). Plaintiff has specified the discovery requested and has established the need for some of the information, in order to advance the case.[1] Nonetheless, the subscriber's expectation of privacy must be accommodated along with the need for the requested discovery.

There is no doubt that Plaintiff, as a copyright owner, has a legitimate and strong interest in protecting its copyrights. Copyright infringers do not have a legitimate expectation of privacy in distributing a copyrighted work without permission. The difficulty with Plaintiff's argument,

---

[1] As the stated justification for obtaining the information is to serve the lawsuit, the Court sees no need for disclosure of the subscriber's telephone number.

-5-

however, is that it equates the *subscriber* with the *infringer*. As noted in many cases, however, the subscriber is not necessarily the infringing party. *See SBO Pictures, Inc. v. Does 1-3036,* No. 11–4220 SC, 2011 WL 6002620, *3 (N.D. Cal. Nov. 30, 2011) ("As many courts have noted, however, the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes."); *Malibu Media, LLC v. John Does 1 through 12,* No. 2:12–cv–1261–JAM–EFB, 2012 WL 2872835, *4 (E.D. Cal. July 11, 2012) ("Because plaintiff seeks information about the ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.") ( internal citation omitted); *Malibu Media, LLC v. Does 1-5,* No. 12 Civ. 2950(JPO), 2012 WL 2001968, *1 (S.D.N.Y. June 1, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer."). Indeed, absent any definitive information, Plaintiff cannot, consistent with Rule 11, currently support an allegation that the subscriber is, in fact, the infringer, let alone that the infringer may be found within this district. *See, generally, Malibu Media, LLC v. Doe*, No. 0:14–cv–60259–UU, 2014 WL 2615351, at *2 (S.D. Fla. May 21,2014) ("Additionally, this Court recognizes that IP addresses are assigned to nodes connected to the Internet, but are not necessarily representative of individual end-node/end-system devices, and especially are not representative of individual people."footnotes omitted).

The privacy interest of the subscriber must also be viewed in context. As Judge Ungaro has observed: "It is imperative that one recognize that a publicly—viewable IP address may represent nothing more than a router or gateway through which other devices connect. These devices, which may be part of a large intranet, may have their own private IP addresses that are not visible to users of the Internet outside of the intranet to which the device is connected." *Malibu Media,* 2014 WL

2615351 at*2, fn. 1. Based on the limited record here the Court prefers to strike the balance in favor of preserving as much privacy as possible while still allowing Plaintiff to go forward. *See, generally,* 47 U.S.C. § 551, Protection of Subscriber Privacy. Therefore, the Court declines to enter the proposed Order and, instead, **grants the motion, in part**, and adapts the following procedure set forth by Magistrate Judge R. Steven Whalen in *Malibu Media, LLC v. John Does 1-9,* 2013 WL 142083 (E.D. Mich. Jan. 11, 2013):

    1. Plaintiff may serve Rule 45 subpoenas on the ISPs, in order to identify the actual name and address for John Doe, who is associated with the IP addresses set forth in the Complaints. The subpoena will be limited to following information about John Doe : name, address, and email address. A copy of this Opinion and Order shall be attached to any such subpoena.

    2. The ISP shall in turn serve a copy of the subpoena and a copy of this order on the subscriber, defendant John Doe, within 10 days from the date of service of the subpoena on the ISP. The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service. *See* 47 U.S.C. § 551(c)(2)(B).

    3. Nothing in this order precludes the ISP or defendant John Doe from challenging the subpoenas consistent with the Federal Rules of Civil Procedure and this court's Local Rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 45 days from the date of service of the subpoena on the ISP.

    4. If the ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.

    5. Any information disclosed by the ISP to Plaintiff may only be used by Plaintiff for the purpose of protecting its rights under the Copyright Act, as set forth in its Complaint.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record